IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN ALEXANDER PARKER                                                    PLAINTIFF

VERSUS                                        CIVIL ACTION NO.: 1:13cv367-LG-JMR

MIKE BYRD; HOPE THORNTON
and ANGEL MYERS                                                         DEFENDANTS
_____

## REPORT & RECOMMENDATION

This matter is before the Court pursuant to a Motion [26] to Dismiss, or in the alternative, for summary judgment, filed by Defendant Angel Myers [Myers], and the joinder in that motion by Hope Thornton [Thornton] and Mike Byrd [Byrd]. [30, 40.] The Court being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, finds as follows.

## STATEMENT OF THE CASE

Plaintiff, John Alexander Parker [Parker], filed this *pro se* lawsuit pursuant to 42 U.S.C. § 1983 on September 19, 2013, for the alleged violation of his constitutional rights stemming from and following Parker's arrest and prosecution of a charge regarding exploitation of a child. [1, p. 4.] On November 29, 2012, Parker entered a guilty plea to the crime of exploitation of a child. [27-2, p. 3.] Myers was serving as Assistant District Attorney at the time of the circumstances surrounding this lawsuit. [27-1, p. 1.] Parker was sentenced to twenty-five (25) years in the Mississippi Department of Corrections [MDOC], and five (5) years to be served on post-release supervision. [27-1, p. 18.]

## STANDARD OF REVIEW

In considering a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.

*Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996). Ordinarily, the Court may not look beyond the pleadings in ruling on a 12(b)(6) motion. *Baker,* 75 F.3d at 196. It is entirely within the discretion of the court to accept material outside the pleadings when ruling on a motion to dismiss and, therefore, convert the motion into one for summary judgment. *Ware v. Associated Milk Producers, Inc.,* 614 F.2d 413 (5th Cir. 1980); *Bolton v. United States,* 604 F. Supp. 1219, 1220 (S.D. Miss.1985). Should the court decide to accept the extraneous material, it must then treat the matter as one for summary judgment. *Carter v. Stanton,* 405 U .S. 669, 671 (1972). The Court consider portions of the record submitted by the defendant, therefore, the motion to dismiss shall be converted to one for summary judgment.

## ANALYSIS

The Defendants advance several grounds for dismissal of this suit, each of which will be discussed below.

I. Application of *Heck* to Parker's Claims

Parker asserts in his complaint that Byrd allegedly "put false information on indictment"; that Myers "wrongfully convict[ed] me under falsely indictment" and Thornton "illegally [used] the internet to intrap [sic] sex offenders." [1, p. 4.] He seeks "$3 million for mental illness and putting my life in danger"; "$3 thousand for stress and loss of mind and losing everything I owen [sic]." (*Id.*) Parker also states "I want my slate wipe [sic] clean and tooking [sic] off the sex offender web cite [sic] and all charges dropped, my driving licensing [sic] back and a new car and house." (*Id.*)

Myers maintains that all of Parker's claims for relief in this case are barred by *Heck*[1]. [27, p. 6.] A claim for monetary damages which challenges the plaintiff's conviction or imprisonment

---

[1]*Heck v. Humphrey*, 512 U.S. 477 (1994).

2

cannot be maintained as a § 1983 claim unless the conviction has been reversed, expunged, invalidated or otherwise called into question. "The threshold question for a *Heck*-type analysis is whether a successful § 1983 suit would necessarily imply the invalidity of a criminal conviction." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001). In *Heck,* the Supreme Court ruled that a state prisoner cannot bring a § 1983 damages action directly challenging his confinement until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or otherwise called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–7. A section 1983 claim that effectively attacks the constitutionality of a conviction or imprisonment does not accrue until one of these conditions are met. *Id.* The Supreme Court imposed this requirement on § 1983 plaintiffs in order to avoid collateral attacks by the plaintiffs on convictions that are "still outstanding." *Id*.

Plaintiff's claims challenge the factual determination that underlies his conviction for exploitation of a child. In this case, Parker alleges that Byrd and Thornton "illegally [set] up a sting operation" and entrapped him using the internet. [1, p. 4.] Parker claims that Byrd violated his constitutional rights by putting him in prison, knowing he was mentally ill. [11, p. 1.] The Court finds that a judgment in favor of Plaintiff would imply the invalidity of his conviction, which has not been reversed, expunged, declared invalid, or called into question by a federal *habeas corpus* proceeding. *Heck*, 512 U.S. at 486-87; *see also DeLeon v. City of Corpus Christi*, 488 F.3d 649 (5th Cir. 2007). *Heck* bars claims for "unconstitutional conviction or imprisonment" as well as claims "for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid." *Id.* at 486. Unless his conviction has been overturned, which in this case has not occurred, a plaintiff cannot bring any claim for damages, whether under state or federal law, if prevailing on that claim would imply that his conviction was

3

invalid. Thus, Plaintiff's damages claims in this case are barred by *Heck*, and Parker's claims whether advanced under federal or state law should be dismissed with prejudice to their being asserted again until the *Heck* conditions are met. *Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

II.     Prosecutorial Immunity

Myers asserts that she is entitled to absolute immunity for acts she performed as the prosecutor in Parker's criminal case. [25, p. 5.] Absolute immunity confers full exemption from liability to certain officials including judges performing judicial acts within their jurisdiction, and prosecutors in the performance of their official functions. *Yaselli v. Goff*, 275 U.S. 503 (1927); *O'Neal v. Mississippi Bd. of Nursing*, 113 F.3d 62, 65 (5th Cir. 1997). Prosecutors function as judicial officer, and are afforded absolute immunity for their conduct in "initiating a prosecution and in presenting the State's case." *See Imbler v. Pachtman*, 424 U.S. 409, 430-1 (1976). Parker's contentions regarding Myers' actions in her prosecution of the criminal case against Parker involve Myers acting in her prosecutorial manner, which entitles her to absolute immunity. *McGruder v. Necaise*, 733 F.2d 1146 (5th Cir. 1984). The Court concludes that any claims brought under § 1983 against Myers should be dismissed with prejudice.

III.    State Law Claims

Any state law claims advanced against these defendants for malicious prosecution or false arrest are barred by Parker's guilty plea, according to the defendants. [27, p. 6; 30, p. 1; 40, p. 1.]
The elements of a claim for malicious prosecution include:  (1) the institution of a criminal proceeding; (2) by, or at the insistence of, the defendant; (3) the termination of such proceedings in plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause in the institution of the proceedings; (6) the suffering of injury or damage as a result of the prosecution.

*Royal Oil Co., Inc. v. Wells,* 500 So.2d 439 (Miss. 1986). In this case, the proceedings were not terminated in Parker's favor; accordingly, the Court recommends that these claims should be dismissed.

Under Mississippi law, actions for the state law torts of false arrest and false imprisonment accrue at the time of arrest. *City of Mound Bayou v. Johnson,* 562 So.2d 1212, 1217 (Miss. 1990); *Parker v. Game & Fish Comm'n,* 555 So.2d 725, 727 (Miss. 1989). Therefore, the plaintiffs' claims for false arrest and false imprisonment accrued in this case on the date Parker was arrested which was in either 2009 or 2010, based on the fact that the crime occurred on August 19, 2009, and the state court case was given the cause number 2010-10,673. [27-2, p. 1.] Consequently, the limitations period on those claims expired by no later than 2011. Parker filed his complaint with this court on September 19, 2013, well beyond the one year period under MISS. CODE ANN. § 15–1–35. [1.] Accordingly, the Court recommends that any state law claims advanced against these defendants for false arrest and false imprisonment should be dismissed.

## **CONCLUSION**

Based on the forgoing analysis, this Court recommends that the motion to dismiss [26] and joinders to the motion to dismiss [30, 40] filed by the Defendants for any claims brought against them under § 1983 and under state law should be converted to motions for summary judgment. The Court further recommends that the motions for summary judgment be granted, and Parker's claims under § 1983 against these defendants are dismissed with prejudice to their being asserted again until the *Heck* conditions are met. In addition, the Court recommends that any state law claims advanced against these defendants should be dismissed on summary judgment for the reasons outlined above.

In accordance with the Rules of this Court, any party, within fourteen days after being

served a copy of this recommendation, or by no later than July 28, 2014, may serve and file written objections to the recommendation, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this Report and Recommendation was mailed to Parker at his last known address by certified mail, return receipt requested.

THIS the 14th day of July, 2014.

*s/ John M. Roper, Sr.*  
CHIEF UNITED STATES MAGISTRATE JUDGE